**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MAR 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAI QING HE,<br><br>     Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>     Respondent. | No. 20-70455<br><br>Agency No. A209-431-920<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023[**]

Before: SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

  Hai Qing He, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum and

withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on He's admission of visa fraud, an inconsistency and implausibility regarding his occupation and business-ownership, and his nonresponsive testimony regarding his own religious practices. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances); *see also Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (false information on visa application was an appropriate factor to consider in the adverse credibility determination). He's explanations do not compel a contrary conclusion. *See Li*, 13 F.4th at 961 (IJ not compelled to accept explanations for discrepancies). Substantial evidence also supports the agency's determination that He did not present documentary evidence that would otherwise establish his eligibility for relief. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (applicant's documentary evidence was insufficient to rehabilitate his testimony or independently support his claim). Thus, in the absence of credible testimony, He's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We do not address He's remaining contentions regarding the merits of his claims because the BIA did not deny relief on these grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

We lack jurisdiction to consider He's contentions as to protection under the Convention Against Torture because he did not raise them to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented below).

We do not consider the materials He references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**